# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARGILL MEAT SOLUTIONS CORPORATION,<br><br>*Plaintiff,*<br><br>vs.<br><br>PREMIUM BEEF FEEDERS, LLC and POWER PLUS BEEF FEEDERS, LLC d/b/a POWER PLUS FEEDERS, LLC,<br><br>*Defendants.* | Case No. 13-CV-1168-EFM-DJW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer Venue for Convenience. Defendant asks the Court to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) and seeks to transfer this case to the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1404(a). For the reasons stated below, the Court denies both motions.

### I.     Factual and Procedural Background

On May 24, 2011, Plaintiff Cargill Meat Solutions Corporation ("Cargill") and Defendants Premium Beef Feeders, LLC ("PBF") and Power Plus Beef Feeders, LLC ("PPF") (collectively "Defendants") entered into a Cattle Procurement and Feeding Agreement

("Agreement"). The Agreement formalized a collaborative effort to procure and feed cattle, with all three parties sharing in the ownership, profits, and losses of the operation. Cargill is a corporation with its headquarters in Wichita, Kansas, and Defendants are Oklahoma limited liability corporations. Cargill initially asserted this action in Kansas state court, but Defendants removed the action to this Court.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Personal Jurisdiction

A plaintiff opposing a motion to dismiss based on lack of personal jurisdiction bears the burden of showing that jurisdiction over the defendant is appropriate.[1] In a pretrial motion to dismiss, when the matter is decided on the basis of affidavits and written materials, the plaintiff is only required to make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[2] Once the plaintiff makes a prima facie showing, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[3]

"The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[4] "However, only

---

[1] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[2] *Id*.

[3] *Id*. at 1227 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[4] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotations omitted).

the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[5] "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."[6]

### B. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[7] A district court enjoys greater discretion to transfer a case under § 1404(a) than to dismiss the action based upon forum non conveniens.[8] A court should decide motions to transfer on an individualized, case-by-case basis.[9] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[10] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[11] Unless the balance of interests "is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[12]

---

[5] *Id.*

[6] *Id.* at 1508 (quoting *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

[7] 28 U.S.C. § 1404(a).

[8] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[9] *Id.* at 1516.

[10] *Id.*

[11] *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

[12] *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

### III. Analysis

**A. Motion to Dismiss**

"Where a federal lawsuit is based on diversity of citizenship, the court's jurisdiction over a nonresident defendant is determined by the law of the forum state."[13] The party seeking to establish personal jurisdiction over a diverse litigant must make two showings. First, it must show that jurisdiction is legitimate under the state's long-arm statute. Second, it must show that jurisdiction does not offend the due process clause of the Fourteenth Amendment.[14] The Kansas Supreme Court has interpreted Kansas' long-arm statute to extend jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment.[15] Thus, in this case, the Court need not conduct statutory analysis apart from the due process analysis.[16]

The due process analysis involves a two-step inquiry.[17] First, the plaintiff must show that the nonresident defendants have "minimum contacts" with the forum state by demonstrating that they purposefully availed themselves of the protections or benefits of the state's laws, such that they should reasonably anticipate being haled into court there.[18] If the plaintiff successfully establishes such minimum contacts, the burden shifts to the defendant to prove that the exercise

---

[13] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

[14] *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

[15] *Merriman v. Crompton Corp.*, 146 P.3d 162, 179 (Kan. 2006).

[16] *Employers Mut. Cas. Co.*, 618 F.3d at 1159.

[17] *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

[18] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). *See also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").

of jurisdiction would offend "traditional notions of fair play and substantial justice."[19] The second inquiry is commonly referred to as the "reasonableness" test.

### 1. Minimum Contacts

The Constitutional touchstone of the Due Process Clause is whether the defendant purposefully established minimum contacts in the forum State.[20] The minimum contacts requirement assures a reasonable expectation in the out-of-state defendant that they might be brought into court in the forum state.[21] This requirement ensures "that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'"[22] To meet this standard, a plaintiff must show either specific or general jurisdiction.[23] The Court may exercise specific personal jurisdiction if the case arises directly from or relates to the defendant's Kansas-related activities.[24] The Court may exercise general jurisdiction if the defendants maintain "continuous and systematic" contacts with Kansas.[25]

Cargill argues that Defendants purposefully availed themselves of the privileges of conducting activities in Kansas by entering into a contract with a Kansas resident to be performed in Kansas. Cargill cites the accounting and risk management tasks that they have

---

[19] *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 113 (1987); *see also AST Sports Sci., Inc.*, 514 F.3d at 1057.

[20] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

[21] *AST Sports Sci., Inc.*, 514 F.3d at 1057-58.

[22] *Id.* (quoting *Burger King Corp.*, 471 U.S. at 475).

[23] *OMI Holdings, Inc.*, 149 F.3d at 1090-91.

[24] *Payless Shoesource, Inc. v. Shops at Hancock, LLC*, 2012 WL 1344977 at *2 (D. Kan. April 18, 2012).

[25] *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1090-91).

completed in Kansas pursuant to the contract and highlighted the frequency of the calling, mailing, and e-mailing directed by Defendants to Cargill in Kansas (including payments to Kansas for losses).[26] They also argue that the choice of law provision designating Kansas law as controlling further establishes personal jurisdiction.[27] According to Cargill, the choice of law provision is evidence that Defendants purposefully sought the protection of Kansas law and should have reasonably foreseen the possibility of being haled into a Kansas court.[28]

Defendants argue that their contractual relationship with Cargill lacks a substantial connection to Kansas that is necessary to give rise to personal jurisdiction. Defendants argue that an overwhelming majority of activities related to the contract took place in Oklahoma and Texas, not Kansas. They argue that calls, letters, and e-mails alone are not sufficient to establish jurisdiction. In sum, they claim that they have not purposefully availed themselves of Kansas and therefore lack the minimum contacts necessary to establish specific personal jurisdiction.

Defendants are correct that the mere existence of a contract with a Kansas citizen is not enough to establish minimum contacts.[29] They are also correct that "phone calls and letters are not necessarily sufficient *in themselves* to establish minimum contacts."[30] The same is true for the number and frequency of communications and payments made to the forum state.[31] Courts

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *See Burger King Corp.*, 471 U.S. at 478; *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007).

[30] *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995).

[31] *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982) ("It is fundamental that the mere quantum of contacts between the forum and the defendant is not determinative.").

have also ruled that choice of law provisions, *standing alone*, are insufficient to confer jurisdiction.[32] The Court finds that none of these individual facts are enough to establish minimum contacts.

However, the Court finds that all of the facts taken together support the finding of sufficient minimum contacts. These facts, while not dispositive in themselves, are not dismissed in isolation. They are combined to determine whether a defendant has purposefully availed itself to the forum such that it should reasonably anticipate being haled into court there.[33] Even though the existence of the contract alone is not dispositive, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state."[34] Here, Defendants sought Cargill's business. Defendants negotiated with Cargill until a contract was formed. Defendants continued their contractual relationship and obligations for well over a year as evidenced by payments and frequent communication with the Kansas plaintiff. The choice of law provision further reinforces Defendant's deliberate affiliation with Kansas and the reasonable foreseeability of litigation there.[35] Thus, the Court finds that Cargill has asserted facts demonstrating that Defendants have committed acts which establish minimum contacts with the state of Kansas.

---

[32] *Burger King Corp.*, 471 U.S. at 482.

[33] *Id.* at 473-76.

[34] *TH Agric. & Nutrition, LLC*, 488 F.3d at 1287.

[35] *Burger King Corp.*, 471 U.S. at 482.

## 2. Fair Play and Substantial Justice

Having established Defendant's minimum contacts, the Court must determine whether exercising jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice."[36] At this point, the burden shifts to Defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[37] The weight of the burden on Defendants is inversely proportionate to the strength of the minimum contacts.[38] The weaker the defendant's minimum contacts, the less the defendant must show to prove unreasonableness.[39] Conversely, the stronger the minimum contacts, the more the defendant must show to prove unreasonableness.[40] However, when a non-resident defendant has purposefully directed activities toward the forum state, it must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[41]

In weighing the reasonableness of exercising jurisdiction, courts traditionally consider the following five factors: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies,

---

[36] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

[37] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008) (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005)).

[38] *OMI Holdings, Inc.*, 149 F.3d at 1091-92.

[39] *Id.* (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994)); *accord Burger King Corp.*, 471 U.S. at 477.

[40] *See id.*

[41] *Burger King Corp.*, 471 U.S. at 483-84; *see also Chem-Trol, Inc. v. Christensen*, 2009 WL 1044613 at *5.

and (5) the shared interest of the several states in furthering fundamental social policies.[42] Defendants have availed themselves of the privileges of conducting business in the state of Kansas by pursuing an agreement with a Kansas citizen and creating continuing obligations under the agreement. These acts establish a presumption that it is not unreasonable to require Defendants to submit to the burdens of litigation in Kansas.[43]

Regarding the first factor, Defendants argue they would face a heavy burden should the action be adjudicated in Kansas because the Agreement was not performed "in full or even in part in the state of Kansas."[44] They claim that all witnesses and substantial documentation are located in Oklahoma and Texas. For these reasons, the Court agrees with Defendants that litigating in Kansas will impose a burden on them. However, by traveling to Kansas on multiple occasions to meet with Plaintiff regarding the contract, Defendants have demonstrated that traveling to Kansas is not "*gravely* difficult and inconvenient."[45] In addition, "defending a suit in a foreign jurisdiction is not as burdensome as in the past," especially for a sophisticated business.[46] Therefore, the Court finds that this factor weighs only slightly in favor of Defendants.

---

[42] *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279-80 (10th Cir. 2005).

[43] *Burger King Corp.*, 471 U.S. at 475-76 ("[w]here the defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.").

[44] Defendants' Brief in Support of its Motion to Dismiss Plaintiff's Complaint and/or Motion to Transfer Venue under 28 U.S.C. § 1404 at *13.

[45] *Burger King Corp.*, 471 U.S. at 478 (emphasis added) (quotation marks and citations omitted).

[46] *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982); *see also AST Sports Sci., Inc.*, 514 F.3d at 1061.

The second factor in the reasonableness inquiry involves the forum state's interest in resolving the dispute.[47] "States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."[48] Kansas has an interest in governing contracts entered into by corporations headquartered in this state.[49] In addition, Kansas has an interest where resolution of the dispute requires a court to apply Kansas law.[50] Here, Defendants entered a contract with a Kansas resident and agreed that Kansas law would govern the Agreement. This factor weighs heavily in favor of Plaintiff.

The third factor is the plaintiff's interest in receiving convenient and effective relief.[51] Plaintiff is a Kansas citizen who claims that a number of important witnesses and documents relating to this action are located in the state of Kansas. Therefore, litigating this claim in another forum would be burdensome on Plaintiff.[52] This factor weighs in favor of Plaintiff.

The fourth factor involves the interstate judicial system's interest in obtaining the most efficient resolution of controversies.[53] "The key points to consider when evaluating this factor are (1) the location of witnesses, (2) the location of the wrong underlying the lawsuit, (3) what forum's law applies, and (4) 'whether jurisdiction is necessary to prevent piecemeal

---

[47] *Pro Axess*, 428 F.3d at 1279.

[48] *Burger King Corp.*, 471 U.S. at 483.

[49] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 227 F. Supp. 2d 1120, 1128 (D. Kan. 2003).

[50] *OMI Holdings, Inc.*, 149 F.3d at 1096 ("The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's law.").

[51] *Pro Axess*, 428 F.3d at 1279.

[52] *Cf. Chem-Trol, Inc.*, 2009 WL 1044613 at *5 (holding that litigating a claim in another forum is burdensome on the plaintiff because the plaintiff, its employees, a number of its witnesses, and a number of its documents are all located in Kansas).

[53] *Pro Axess*, 428 F.3d at 1279.

litigation.'"⁵⁴  Plaintiff claims their documents and witnesses are located in Kansas and Defendants claim their documents and witnesses are in Oklahoma and Texas. Therefore, the first point does not favor one party more than the other. The second point favors Defendants because the alleged breach giving rise to this action – Defendants' failure to send payments to Plaintiff – occurred in Oklahoma. The third point favors Plaintiff because Kansas law applies pursuant to the contract's choice of law provision. The fourth point is neutral because neither jurisdiction would create piecemeal litigation. Overall, the fourth factor does not favor either party.

The fifth factor for the Court's consideration is the shared interest of the several states in furthering fundamental social policies.⁵⁵ Neither party contends this factor is relevant in the determination of this case and therefore the Court does not address it.

After considering the above factors, the Court finds that exercising personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. Defendants argue jurisdiction is unreasonable because a vast majority of the contract was performed in Oklahoma, the breach occurred in Oklahoma, and their witnesses and documents are located in Oklahoma. However, the facts that establish a presumption of reasonableness are not overcome by these considerations.⁵⁶ Defendants willfully entered an agreement with a Kansas citizen, agreed to use Kansas law to settle disputes under the agreement, and traveled to Kansas to discuss the agreement with Plaintiff. Furthermore, Kansas courts have an in interest in governing contracts by corporations headquartered in this state. Defendants have failed to

---

⁵⁴ *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1097).

⁵⁵ *Pro Axess*, 428 F.3d at 1279-80.

⁵⁶ *Piper Aircraft Co.*, 454 U.S. at 255-56 (Holding that the strong presumption in favor of the plaintiff's choice of forum "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").

overcome the presumption of reasonableness. Therefore, the Court finds that exercising personal jurisdiction over Defendants is reasonable and proper.

### B. Motion to Transfer Venue

Motions to transfer venue are governed by 28 U.S.C. § 1404. The statute provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."[57] As an initial matter, it is not disputed that the Western District of Oklahoma is a district where this case could have initially been brought. Accordingly, the first requirement for transfer is met, and this Court must consider whether convenience to the parties and witnesses and the interests of justice compel transfer. A permissive transfer under this provision "lies within the sound discretion of the district court."[58] The party moving to transfer bears the burden of showing that the current forum is inconvenient.[59] "Unless the balance is strong in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[60]

The Court considers the following factors in its determination: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof, (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7)

---

[57] 28 U.S.C. § 1401(a).

[58] *Peterson v. Moldofsky*, 2008 WL 2859184, at *4 (D. Kan. July 23, 2008); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

[59] *Thermal Components*, 98 F. Supp. 2d at 1232 (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

[60] *Id.* (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 2012)).

the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.[61]

Having considered each factor, the Court finds that the Defendants have not met their burden of showing that a transfer of venue is justified under the facts of this case. The Court believes that Plaintiff has simply chosen its home forum, the same forum whose law undisputedly applies to this case. This decision is accorded great weight.[62] Although Defendants claim that a majority of witnesses and documents are located in Oklahoma and/or Texas, the Court does not find the balance so strongly in their favor that the plaintiff's choice of forum should be disturbed.[63] Furthermore, modern transportation and communications technology have significantly decreased the difficulties and burdens associated with interstate travel.[64] The Court therefore finds the Plaintiff's choice of venue proper and a transfer to Oklahoma unwarranted.

---

[61] *Thermal Components*, 98 F. Supp. 2d at 1232 (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

[62] *Allstate Ins. Co. v. Employers Reinsurance Corp.*, 715 F. Supp. 1502, 1502-03 (D. Kan. 1989); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient.").

[63] *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 896 F. Supp. 2d 1049, 1065 (D. Kan. 2012) ("[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed.").

[64] *Chem-Trol, Inc.*, 2009 WL 1044613 at *7.

**IT IS ACCORDINGLY ORDERED** this 15th day of January, 2014, that Defendant's Motion to Dismiss Plaintiff's Complaint or, alternatively, Motion to Transfer Venue Under 28 U.S.C. § 1404 (Doc. 12) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE