**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-CV-1168-EFM-TJJ |
| PREMIUM BEEF FEEDERS, LLC, et al., | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Stay Expert Discovery and to Defer Ruling on Defendants' Motion to Compel (ECF No. 98). In its motion, Plaintiff asks the undersigned Magistrate Judge to both enter a stay of all expert discovery in this case and to defer ruling on Defendants' Motion to Compel (ECF No. 90) pending the presiding District Judge's ruling on Plaintiff's Motion for Partial Summary Judgment on Risk Management Claims (ECF No. 127).[1] Plaintiff contends that it strongly believes that the latter motion will be granted, which would obviate the need for expert discovery and for the discovery at issue in Defendants' Motion to Compel. Defendants oppose the requested stay and deferred ruling. For the reasons discussed below, the Court denies the motion.

**I.     Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound

---

[1] At the time Plaintiff filed the instant motion, its motion for partial summary judgment was anticipated but not filed. Plaintiff filed the instant motion on May 7, 2015, and filed its motion for partial summary judgment on May 29, 2015.

1

discretion of the trial court.[2]  The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3]  Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[4]  A stay is not favored because it can delay a timely resolution of the matter.[5]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[6]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[7]  A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[8]

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).  An exception exists when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.  *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[5] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[6] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[7] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

[8] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

## II.     The Parties' Arguments

Plaintiff argues that a stay would save the parties and the Court the burden and expense of retaining additional experts, engaging in further expert discovery, and the need for briefing and hearings on the admissibility of expert testimony. Plaintiff points out that the fact discovery deadline has passed, and thus the stay would apply only to expert discovery.[9] Defendants have named an expert solely on the risk management issue asserted in their counterclaim, and the subject matter at issue in Defendants' motion to compel also relates to risk management. Plaintiff notes its optimism that it will prevail on its recently filed motion for partial summary judgment, and contends that it would therefore be most efficient to stay discovery pending a ruling which might dispense with the need for additional discovery altogether.

Defendants argue that Plaintiff has failed to show any compelling reason for the requested stay and that such a stay would be prejudicial to them. As Defendants point out, they produced their expert report in accordance with the April 16, 2015 deadline.[10] They argue that a stay would give Plaintiff an indefinite extension of time to find, identify, consult with, and present its rebuttal expert(s). Defendants also argue that Plaintiff does not meet the requirements for a stay because (1) by Plaintiff's own admission, if granted Plaintiff's motion for partial summary judgment will not dispose of the case;[11] (2) the facts Defendants seek through their

---

[9] Fact discovery closed on April 16, 2015. *See* Second Amended Scheduling Order (ECF No. 77).

[10] *See id.*

[11] Defendants also take issue with Plaintiff's assertion that its summary judgment motion raises a discreet issue of simple contract interpretation concerning Plaintiff's risk management duties under the subject contract. Defendants vigorously dispute this characterization; they agree that the contract means what it said, but they argue that Plaintiff failed to implement a risk

3

motion to compel could directly affect the resolution of Plaintiff's pending motion for partial summary judgment; and (3) the discovery at issue is not burdensome or wasteful.

### III. Application of the Standard to This Case

As noted above, the great weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending. In those instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the ruling on the pending motion, or (3) discovery on all issues in the case would be wasteful and burdensome.[12]

#### A. The case cannot be concluded as a result of a ruling on Plaintiff's motion for partial summary judgment

Plaintiff concedes that its motion for partial summary judgment, if granted, would not completely resolve this case. Risk management is but one of Defendants' claims and defenses, and even if Plaintiff were to prevail on its motion, the result would not be entry of judgment for Plaintiff on its complaint or on Defendants' counterclaim. This case is distinguishable from *Flohrs v. Eli Lilly Co.*,[13] a case from this District which Plaintiff cites. In *Flohrs*, Judge Sebelius granted defendant's motion for stay of discovery pending a ruling on its summary judgment motion even though a favorable summary judgment ruling would not conclude the case. Defendants had moved for summary judgment on plaintiff's claim, and a favorable ruling would dispose of plaintiff's entire case. What would remain would be defendants' counterclaim,

---

management strategy and actually engaged in activity outside the scope of its contractual authority.

[12] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[13] *Flohrs v. Eli Lilly Co.*, No. 12-2439-SAC, 2012 U.S. Dist. LEXIS 168299 (D. Kan. Oct. 30, 2012).

because defendants had not moved for summary judgment as to their own claims. With respect to the other two factors, however, Judge Sebelius found that additional discovery would not impact the pending dispositive motion, and that discovery would be wasteful and burdensome.

Unlike the *Flohrs* case, the Court finds in this case that none of the three factors fall in Plaintiff's favor. The requested discovery in *Flohrs* could not defeat all of the theories on which defendant moved for summary judgment, and it would have been wasteful and burdensome to both parties and to the court. Moreover, even though the pending summary judgment motion in *Flohrs* could not conclude the case, it could conclude plaintiff's claims against defendant.

### B. Discovery could reveal facts affecting ruling on dispositive motion

In addition, the discovery Defendants seek in their motion to compel relates exclusively to the issue of risk management, which is the subject of Plaintiff's motion for partial summary judgment. Defendants' expert report offers an opinion on the issue, as well. Defendants assert that they will be unfairly prejudiced if they are prevented from fully investigating the facts before the Court rules on Plaintiff's motion for partial summary judgment. The Court agrees. This is not a case in which the discovery that would be halted is unrelated to the pending dispositive motion. Indeed, the opposite is true. Although Defendants' counsel made a candid concession during the June 4, 2015 telephone conference with the Court that the documents Mr. Watt described may not affect the issue of contract interpretation set forth in Plaintiff's pending motion for partial summary judgment, the Court finds that the facts sought through the remaining discovery are indeed relevant to the issue of Plaintiff's obligations under the contract with respect to risk management.

### C. Plaintiff has not shown that discovery would be wasteful and burdensome.

Plaintiff does not directly address the third factor.  It does point out that a stay would effectively postpone or eliminate Cargill's deposition of Defendants' expert, Cargill's responsive expert designation, and Defendants' deposition of Cargill's expert(s).  Given the amount of discovery the parties have conducted in this case, what remains does not strike the Court as being wasteful or burdensome.  Moreover, deferring Plaintiff's deadline to designate its responsive expert(s) is more likely to be burdensome on Defendants, as they were required to designate and produce the report of their expert by the deadline the Court set.  In addition, Defendants would be denied discovery of documents relevant to the pending motion, discovery that is not wasteful because it is limited solely to the issue of risk management.  Plaintiff has not demonstrated that a stay would prevent wasteful and burdensome discovery.

Plaintiff has not clearly shown a compelling reason for the court to issue a stay.  Accordingly,

**IT IS THEREFORE ORDERED** that on Plaintiff's Motion to Stay Expert Discovery and to Defer Ruling on Defendants' Motion to Compel (ECF No. 98) is **DENIED**.

Dated in Kansas City, Kansas on this 26th day of June, 2015.

s/  Teresa J. James  
Teresa J. James  
U.S. Magistrate Judge

6