IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-CV-1168-EFM-TJJ ) |
| PREMIUM BEEF FEEDERS, LLC, et al., | ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Quash Subpoenas Issued by Cargill Meat Solutions Corporation to (1) Premium Natural Beef, LLC and (2) AgTown Technologies (ECF No. 95). Plaintiff issued two third-party subpoenas which directed the recipients to produce emails drafted, sent, or received through a certain email account for the period of April 1, 2010, through July 31, 2013. For the reasons set forth below, the Motion to Quash is denied.

**I.    BACKGROUND FACTS**

The emails Plaintiff seeks to discover through these subpoenas are from the domain "@premiumbeef.com." During discovery, Plaintiff learned that certain of Defendants' principals and employees who had once used this domain had stopped using it, leading Plaintiff to question whether Defendants still had possession, custody, control, or access to the @premiumbeef.com domain server. If Defendants did not, Plaintiff suspected it was likely that Defendants had not searched the emails on that domain when responding to discovery requests. Defendants stated that they no longer have control of the server.

1

The parties discussed the issue of retrieving emails from the domain. The domain was at one time an asset of Premium Natural Beef, LLC, and AgTown Technologies is a web development firm that served as email host for @premiumbeef.com. When the parties were unable to agree on a resolution for handling the emails, including issues of privilege Defendants asserted, Plaintiff served the subpoenas at issue.

## II.  ARGUMENTS ASSERTED FOR AND AGAINST QUASHING THE SUBPOENA

Defendants argue that the subpoenas should be quashed as untimely, overly broad, requiring significant time, expense, and human resources to compile and sort through, and seeking information that Plaintiff already has obtained from Defendants.

Plaintiff argues that Defendants' motion to quash should be denied because Defendants failed to timely assert their objections and they lack standing. Plaintiff also disputes Defendants' arguments.

## III.  ANALYSIS

Fed. R. Civ. P. 45, which governs motions to quash subpoenas, was amended effective December 1, 2013. Prior to the amendment, Rule 45 required that subpoenas issue from the district where compliance was required.[1] The issuing court retained the authority to modify or quash the subpoena.[2] After the 2013 amendment, however, subpoenas must be *issued* from the court where the action is pending,[3] but the authority to *quash* or modify the subpoena remains

---

[1] *See* Fed. R. Civ. P. 45(a)(2) (2011) (stating that subpoenas "must issue as follows . . . for production or inspection, . . . from the court for the district where the production or inspection is to be made").

[2] *See* Fed. R. Civ. P. 45(c)(3) (2011) (stating that the "issuing court must quash or modify" subpoenas).

[3] Fed. R. Civ. P. 45(a)(2).

with "the court for the district where compliance is required."[4]  Although transfer of a motion to quash from the court where compliance is required to the issuing court is permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court.[5]

Plaintiff directed both Premium Natural Beef, LLC and AgTown Technologies to produce the subpoenaed documents in Denver, Colorado.  The "district where compliance is required" is therefore the District of Colorado.  No motion to quash has been transferred from another court, and this Court is therefore without authority to rule on Defendants' motion.[6]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Subpoenas Issued by Cargill Meat Solutions Corporation to (1) Premium Natural Beef, LLC and (2) AgTown Technologies (ECF No. 95) is **DENIED**.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th  day of June, 2015.

s/  Teresa J. James
Teresa J. James
U.S. Magistrate Judge

---

[4] Fed. R. Civ. P. 45(d)(3)(A), (B).

[5] *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court.").

[6] *See Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015); *Synqor, Inc. v. Vicor Corp.*, No. 3:14-mc-79-D-BN, 2014 WL 2519242, at *1 (N.D. Tex. June 3, 2014); *Meyer v. Receivables Performance Mgmt., LLC,* No. C12-2013RAJ, 2014 WL 1976664, at *2 (W.D. Wash. May 14, 2014); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio April 18, 2014).