## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARGILL MEAT SOLUTIONS )
CORPORATION, )
        )
                 Plaintiff, )
        )
v. )     Case No. 13-CV-1168-EFM-TJJ
        )
PREMIUM BEEF FEEDERS, LLC, et al., )
        )
Defendants. )
        )
        )

## MEMORANDUM AND ORDER

On August 11, 2015, the Court held a telephone conference to give expedited consideration to two outstanding motions, namely Defendants' Motion to Reopen Discovery for a Limited Purpose and to Reschedule the Pretrial Conference (ECF No. 190), and Plaintiff's Motion to Stay (ECF No. 198). After hearing argument from counsel,[1] the Court issued the following rulings on these motions and on other matters.

### Defendants' Motion to Reopen (ECF No. 190)

Defendants seek to reopen fact and expert discovery on the issue of risk management. In their memorandum in support of their motion, Defendants assert that Plaintiff has not produced all of the documents that fall within the Court's order on Defendants' motion to compel.[2] The parties agreed during the telephone conference that Plaintiff has not produced the so-called J.P.

---

[1] Plaintiff appeared through counsel, Holly A. Dyer, James M. Armstrong, and Sarah E. Burch. Defendants appeared through counsel, William R. Sampson, J. Clay Christensen, Charles H. Cooper, Zach Chaffee-McClure, and Jonathan M. Miles.

[2] *See* ECF No. 157.

Morgan documents, which the Court finds are within the scope of its June 26, 2015 order compelling production.[3]  The Court ordered that Plaintiff must produce the J.P. Morgan documents, as well as any other documents that Plaintiff previously produced that were not in usable form.  However, given that the J.P. Morgan documents may consist of an additional 300,000 pages, the Court directed the parties to confer to determine if they can agree to narrow the scope of the J.P. Morgan documents to be produced.  No later than **August 25, 2015**, the parties shall file a joint report to advise the Court of the result of their discussion(s) and the status of Plaintiff's production of documents.  If Plaintiff is unable to produce all of the requisite documents by that date, Plaintiff shall file a motion seeking additional time.  If the parties advise the Court  in their joint report that production problems remain (other than Plaintiff's inability to meet the deadline), the Court will schedule another telephone conference.

Defendants also seek to take six additional depositions of fact witnesses relating to risk management.  The Court ordered that within 30 days after Plaintiff has completed production of the J.P. Morgan documents,[4] Defendants will be permitted to take two Rule 30(b)(6) depositions in which the matters for examination relate to risk management, but no other depositions will be permitted pending further order of the Court.

**Plaintiff's Motion to Stay (ECF No. 198)**

Plaintiff seeks an order staying all pending motions and deadlines except those relating to its pending partial summary judgment motion.  Plaintiff asserts, as it did in its earlier motion to

---

[3] ECF No. 157.

[4] The Court will allow a brief extension of this 30-day window if problems arise in scheduling the depositions.

stay expert discovery and to defer ruling on Defendants' Motion to Compel,[5] that a stay is appropriate because it would spare the parties from engaging in discovery that will be unnecessary if the district judge grants Plaintiff's outstanding motion for partial summary judgment. Plaintiff argues that the additional discovery Defendants have requested is not relevant to the pending motions. Defendants argue that the additional discovery might be relevant to the pending motion.

The Court's ruling on Defendants' motion to reopen makes it clear that the Court is not granting Plaintiff's request at this time. But neither is the Court going to deny it at this time. Instead, the Court takes under advisement Plaintiff's motion to stay. During the conference, Plaintiff indicated that it intends to file a Rule 12(b)(6) motion to dismiss Defendants' amended counterclaim. The Court will revisit the issue of a stay after the newly-permitted discovery takes place and after Plaintiff has filed its motion to dismiss or has otherwise pled to Defendants' amended counterclaim.

## Other Matters

The Second Amended Scheduling Order[6] contains three upcoming deadlines: (1) the parties' proposed Pretrial Order is due on August 13, 2015, (2) the Pretrial Conference is scheduled for August 20, 2015, and (3) the dispositive motions deadline is September 18, 2015. The Court vacates those deadlines and will reset them in consultation with the parties at a later date.

---

[5] ECF No. 98.

[6] ECF No. 77.

Defendants have also filed an Unopposed Motion for Extension of Expert Discovery Deadline.[7]  They filed the motion before they filed their motion to reopen and before Plaintiff filed its motion to stay.  Because the Court has reopened discovery on a limited basis and has taken under advisement the motion to stay, the issue of expert discovery deadlines will effectively be deferred until after the dates Defendants suggest in their motion for extension. Accordingly, the Court grants Defendants' motion to extend the expert discovery deadlines insofar as it seeks additional time for both parties to take expert depositions, but denies it insofar as the dates it proposes.  The Court will take up the expert discovery deadlines in conjunction with resetting the remaining deadlines in the Second Amended Scheduling Order.

Both parties filed a motion for leave to file documents under seal in connection with the instant motions.[8]  The Court had no need to view those documents, and will therefore find both motions moot.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2015, at Kansas City, Kansas.

/s  Teresa J. James
Teresa J. James
U. S. Magistrate Judge

---

[7] ECF No. 181.  In their unopposed motion, Defendants ask the Court to allow their expert to be deposed during the week of August 17 and Plaintiff's expert to be deposed approximately two weeks later.

[8] ECF Nos. 200, 201.