# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 13-CV-1168-EFM-TJJ |
| PREMIUM BEEF FEEDERS, LLC, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike Errata to John Keating's Deposition (ECF No. 162) and Defendants' Motion to Strike Errata to Depositions of (i) Farrin Watt; (ii) Lance Storer; (iii) Terry Fritz; (iv) Kenneth Bull; (v) Bill Thoni; (vi) Randy Carlgren; and (vii) Kevin Pote (ECF No. 211). Defendants contend that a substantial number of the errata constitute material changes to the depositions and should therefore be stricken as outside the scope of Fed. R. Civ. P. 30(e). Plaintiff opposes the motions. For the following reasons, the Court grants both motions.

## Relevant Background

Following the depositions of eight Cargill witnesses,[1] the court reporters sent jurat and errata pages for each deposition to Plaintiff's counsel. Each witness returned his respective errata sheet, which contain a total of 171 changes to deposition testimony. Defendants contend

---

[1] The witnesses and their deposition dates are: Terry Fritz and Kevin Pote, February 19, 2015; Bill Thoni, February 20, 2015; Lance Storer, February 23, 2015; Randy Carlgren, February 24, 2015; Kenneth Bull, March 4, 2015; John Keating, April 1, 2015; and Farrin Watt, April 9, 2015.

that at least 76 of the changes are material.  Pursuant to D. Kan. 37.2, Defendants' counsel conferred with Plaintiff's counsel in an attempt to resolve the issues.  Plaintiff's counsel agreed to withdraw 43 errata, which results in a final number of 128 changes to the eight depositions.  Although the briefs do not figuratively draw a Venn diagram to describe the overlap of the allegedly material errata and the withdrawn errata, Defendants' challenge is limited to 40 of the remaining changes.  Defendants argue that all 40 of the challenged errata are material and should be stricken.  Plaintiff argues that Defendants' motions are not ripe because the materiality of the corrections is not yet before the Court, and that the errata are not material.

## Legal Standard

Fed. R. Civ. P. 30(e) allows deposition corrections under the following circumstances:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A)    to review the transcript or recording; and
> (B)    if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.[2]

Although the language of the rule implies that simply signing a statement effectuates a change to a deposition transcript, case law instructs that limits exist as to what changes are permissible.  In this circuit, if a change is material, which is defined as one that bears on an essential element of a claim or defense,[3] whether it is permitted under Rule 30(e) is determined by examining the following factors, known as "the *Burns* rule": (1) whether the deponent was cross-examined at the deposition; (2) whether the corrections were based on newly discovered evidence;  and (3) whether the deponent's deposition testimony reflects obvious confusion, as

---

[2] Fed. R. Civ. P. 30(e)(1)

[3] *Summerhouse v. HCA Health Servs. of Kan.*, 216 F.R.D. 502, 507 (D. Kan. 2003).

opposed to indecisiveness or inconsistency, which necessitates a correction to clarify.[4] The following oft-repeated passage from a case in the Western District of Louisiana provides a concise statement of the purpose and scope of Rule 30(e):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.[5]

Courts apply the same Rule 30(e) analysis irrespective of the case's procedural posture. Accordingly, the *Burns* rule controls a decision on purported deposition changes without regard to whether a summary judgment motion is pending.[6]

## Analysis and Discussion

Defendants categorize the 40 errata by "themes" related to their counterclaims and/or their defense to Plaintiff's claims. These themes include (1) the King Ranch counterclaim,[7] with errata that attempt to insert "jointly owned" into five deponents' testimony where that phrase was not part of any original deposition answer; (2) the risk management counterclaim,[8] with errata

---

[4] *See Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003).

[5] *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992), *quoted in Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002); *see also Summerhouse*, 216 F.R.D at 507 ("Although these statements [in *Greenway*] were admittedly dictum when spoken, they have since been elevated and incorporated into the law of this circuit.").

[6] *Summerhouse*, 216 F.R.D. at 507.

[7] *See* Defendants' First Amended Combined Answer and Counterclaim (ECF No. 210) at ¶¶ 28-30.

[8] *See* Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment on Risk Management Claims (ECF No. 128).

3

that (A) seek to change testimony that the manner in which Plaintiff performed corn hedging for its affiliates and for Defendants was not the same (as the deponents originally testified) but was similar, and (B) changing "no" to "yes" in four instances and introducing uncertainty where there had been a firm answer; (3) the joint venture duties counterclaim,[9] with errata that attempt to retreat from agreement that the parties were operating a joint venture; and (4) Defendants' counterclaim related to Plaintiff's alleged failure to disclose risk management matters,[10] where the errata (A) identify a new person, not originally mentioned in the deposition, as the keeper of Cargill corn position documents, and (B) seek to change the testimony of two witnesses from admissions that Plaintiff did not provide Defendants with corn hedging reports, to stating that Plaintiff did provide Defendants with those reports.

Plaintiff makes the same arguments in response to each of Defendants' motions to strike. First, Plaintiff argues that the motions are not ripe because the materiality of the corrections is not yet before the Court. Second, Plaintiff asserts that the corrections are not material to the claims and defenses in this case. The Court addresses each in turn.

**Ripeness**

Plaintiff argues that Defendants' motions are not ripe because the briefing on Plaintiff's summary judgment motion as to risk management was not complete until September 4, 2015,[11] which coincidentally was the same day Plaintiff filed its response to the second of Defendants' motions. Likely recognizing that the argument of prematurity would be moot by the time

---

[9] *See* ECF No. 210 at ¶¶ 31-37.

[10] *See id.* at ¶¶ 38-48.

[11] *See* ECF No. 224.

4

Defendants filed their reply in support and the Court issued this Memorandum and Order, Plaintiff further argues that the instant motions would remain premature until briefing is complete on Plaintiff's motion to dismiss Defendants' breach of fiduciary duty counterclaim, which Plaintiff also filed on September 4, 2015,[12] and on future dispositive motions Plaintiff intends to file "on any of Defendants' counterclaims that still exist on or before the dispositive motion deadline."[13]

Plaintiff's argument is foreclosed by the law in this district which holds that courts will apply the *Burns* rule in deciding whether material changes to a deposition are permissible without regard to whether a summary judgment motion is pending.[14] But where a party does attempt to change deposition testimony in an effort to ward off summary judgment, "Rule 30(e) changes only face a heightened standard of review if they have the *potential* to affect summary judgment."[15] Plaintiff's argument seems aimed at suggesting that the Court should not decide the instant motions unless it becomes clear that the errata will make changes that would substantially affect the outcome of a summary judgment motion. That is not the standard. There is no justification for Plaintiff's suggested wait-and-see approach to some indefinite future time that is contingent upon unknown arguments in motions yet to be filed.

> The purpose of depositions is to determine the facts of the case while the witness is under the scrutiny of examination. The purpose is certainly not

---

[12] *See* ECF No. 219.0

[13] Plaintiff's Response In Opposition to Defendants' Motion to Strike Errata of Seven Witnesses (ECF No. 222) at 4.

[14] *Summerhouse*, 216 F.R.D. at 507. The motion at issue in *Summerhouse* was one for summary judgment, but the same rationale applies to a potentially dispositive Rule 12 motion to dismiss.

[15] *Id.* at 508 (emphasis added).

>to find out how the witness answers questions with the ability to calmly reflect on the responses for 30 days in collaboration with counsel. Under Plaintiffs' theory that these errata are appropriate, the purpose of a deposition evaporates.[16]

Even if Plaintiff's argument were not foreclosed, however, the Court is not persuaded by Plaintiff's contention that until dispositive motions are fully briefed, the Court could only guess what facts are material. The undersigned Magistrate Judge has issued five Memoranda and Orders and three additional substantial written orders in this case, and has conducted a number of conferences with counsel. As a result, the Court feels sufficiently conversant with the facts and the legal theories to be able to make a reasoned judgment as to the materiality of the errata. The Court therefore rejects Plaintiff's argument that the instant motions are premature.

**Materiality**

In their motions, Defendants set forth each of the 40 questions and answers at issue as they appear in the deposition transcripts, with the altered answers from the errata sheets listed alongside. These pairings are arranged in groups that correspond to the "themes" described above, and Defendants articulate how the subject matter of each relates in a material way to one of Defendants' counterclaims and/or defenses to Plaintiff's claims. Plaintiff responds in like fashion, and sets forth its argument as to why each of the changes is not material. Plaintiff's arguments include such things as changes not being material because the correction is consistent with other portions of the deponent's testimony; immateriality based on its legal arguments in Plaintiff's summary judgment motion on risk management and its position on whether the parties had a joint venture; and forgetfulness.

---

[16] *Blair v. CBE Group Inc.*, Civil No. 13-cv-134-MMA (WVG), 2015 WL 3397629, at *10 (S.D. Cal. May 26, 2015).

The Court does not find that any of Plaintiff's explanations dispute the fundamental and obvious fact that the testimony which Plaintiff seeks to change bears on an essential element of a claim or defense. The issue of materiality rarely receives much if any analysis in the cases under Rule 30(e), likely because a showing that an altered response "bears on" an essential element of a claim or defense is a very low standard.[17] Courts often quote the admonition that "we do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony,"[18] but no analysis of "material" follows. Instead, the focus of the analysis is on whether the proponent of the changes has satisfied the *Burns* rule.

**Whether Plaintiff Has Satisfied the *Burns* Rule**

Plaintiff filed lengthy responses to both of Defendants' motions, devoting many pages to its rebuttal of the materiality of the errata. In neither response, however, does Plaintiff address the *Burns* factors. In its response to Defendants' first motion, Plaintiff flatly asserts that "[n]one of these corrections is material to the risk management issue, and thus, *Burns* is inapplicable."[19] In its response to Defendants' second motion, Plaintiff observes that "before the Court even gets

---

[17] *E.g., Burns,* 330 F.3d 1275 at 1281-82 (treating affirmative answer to negative answer as material with no discussion); *Price v. City of Wichita,* No. 12-1432-CM-DJW, 2014 WL 289453, at *7 (D. Kan. Jan. 27, 2014) (change in testimony as to when substituted defendant learned of lawsuit bears on relation back under Rule 15 and is therefore material); *Odessa Ford, LLC v. T.E.N. Investments, Inc.*, No. 07-2161-CM, 2008 WL 3077153, at *1 (D. Kan. Aug. 4, 2008) (summarily describing motion as involving changes to testimony on matters material to merits of case, with analysis focused on *Burns* factors).

[18] *Garcia*, 299 F.3d at 1242 n.5.

[19] ECF No. 169 at 7.

to an application of the *Burns* factors, it must first determine whether the corrections are, in fact, material."[20] But Plaintiff's discussion of *Burns* ends there.

In its opposition to Defendants' motions, Plaintiff relies solely on its arguments that the issue is not ripe for the Court's consideration, and that the deposition testimony changes are not material. The Court has rejected both arguments; the first is unsupported by the law, and the second is inconsistent with the facts as applied to the law.

Plaintiff effectively concedes the *Burns* factors. Again, those factors are (1) whether the deponent was cross-examined at the deposition; (2) whether the corrections were based on newly discovered evidence; and (3) whether the deponent's deposition testimony reflects obvious confusion, as opposed to indecisiveness or inconsistency, which necessitates a correction to clarify.[21] Defendants argue that Plaintiff has not met the *Burns* test and there is no indication in the record that any of these factors is present with regard to the deponents whose testimony Plaintiff seeks to amend. Accordingly, the Court finds that the material changes Plaintiff seeks to make do not satisfy the *Burns* test for determining whether, under Fed. R. Civ. P. 30(e), Plaintiff's witnesses are allowed to alter what they said under oath. The Court will therefore disregard the changes that Plaintiffs made in errata sheets which are the subject of Defendants' motions to strike, and the errata sheets will be stricken as to those changes.[22]

---

[20] ECF No. 222 at 3.

[21] *Burns,* 330 F.3d 1282.

[22] Plaintiff includes the following sentence in both of its responses: "But even if the Court decides otherwise and determines that some or all of the witnesses' corrections are material and fail the *Burns* factors, the corrections should not be 'stricken' from the record altogether." ECF No. 169 at 18; ECF No. 222 at 21. Plaintiff offers no authority for its request, which the Court rejects.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Strike Errata to John Keating's Deposition (ECF No. 162) and Defendants' Motion to Strike Errata to Depositions of (i) Farrin Watt; (ii) Lance Storer; (iii) Terry Fritz; (iv) Kenneth Bull; (v) Bill Thoni; (vi) Randy Carlgren; and (vii) Kevin Pote (ECF No. 211) are GRANTED.  The errata which are the subject of those motions are stricken.

IT IS SO ORDERED.

Dated this 5th day of October, 2015, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge
